**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| IRVIN PAUL PHILLIPS, | : |
| | : Civ. No. 17-5158 (RMB) |
| Petitioner, | : |
| | : |
| v. | : **OPINION** |
| | : |
| THE ATTORNEY GENERAL OF THE STATE | : |
| OF NEW JERSEY, *et al.*, | : |
| | : |
| Respondents. | : |

**BUMB**, District Judge

Petitioner Irvin Paul Phillips was confined in Ancora Psychiatric Hospital in Ancora, New Jersey when he filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Pet., ECF No. 1.) The Court administratively terminated this action because Petitioner failed to submit a filing fee or an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Order, ECF No. 2.) The case was reopened when Petitioner paid the filing fee.

Petitioner then filed two "reports" in support of his petition. (Reports, ECF No. 3, 4.) Petitioner's first "report" (ECF No. 3) seems to raise civil rights claims related to prior convictions, as well as providing information about his ongoing state court criminal action. If Petitioner wishes to file a civil rights action based on prior convictions for which he is no longer in custody, he must file a separate civil rights complaint under 28 U.S.C. § 1983, which must be accompanied by a separate filing

fee or an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. The court will provide Petitioner with the necessary forms.

Petitioner's second report (Report, ECF No. 4) contains documents indicating that Petitioner was confined in Ancora Psychiatric Hospital pursuant to a competency evaluation where he was found incompetent to stand trial for the violation of probation charge.

On April 5, 2018, the case was transferred to the undersigned. (ECF No. 5.) Petitioner was notified by mail of the transfer but his mail was returned as undeliverable, suggesting that Petitioner is no longer confined in Ancora Psychiatric Hospital. (ECF No. 6.) Petitioner has not notified the Court of his new address, as required by Local Civil Rule 10.1.

This matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), which provides that the Court shall dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief …."

I. THE PETITION

Petitioner is challenging a conviction imposed pursuant to a plea agreement to third-degree burglary in the New Jersey Superior Court, Camden County. (Pet., ECF No. 1, ¶¶1-6.) Petitioner was

2

sentenced on May 2, 2014. (Id.) Petitioner is also challenging a violation of probation for absconding while he was on probation from the third-degree burglary charge. (Id., ¶5.) At the time he filed his federal habeas petition, Petitioner's appeals of these matters were pending before the Appellate Division. (Id., ¶9(g)).

II. DISCUSSION

28 U.S.C. § 2254(a), (b) provides:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Petitions under 28 U.S.C. § 2254 that contain only unexhausted claims should be dismissed without prejudice, unless there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights

of the applicant. See e.g. Jones v. Morton, 195 F.3d 153, 160 (3d Cir. 1999). A petitioner must present his claims in state court prior to obtaining review in federal court. Jones, 195 F.3d at 160.

Petitioner concedes in his petition that his appeals of both his underlying burglary conviction and his violation of probation are pending in the state courts. A federal habeas court cannot address unexhausted claims absent a showing that there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. Given that Petitioner's appeals are pending in the state courts, Petitioner has not made a showing that there is an absence of available State corrective process. Liberally construing the petition, the Court does not find circumstances that render the state appellate process ineffective to protect Petitioner's rights.

III. CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the habeas petition without prejudice because Petitioner's claims are unexhausted in state court.

**Dated: September 18, 2018**

s/Renée Marie Bumb
**RENÉE MARIE BUMB
United States District Judge**